# Third District Court of Appeal

## State of Florida

Opinion filed May 20, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0401
Lower Tribunal No. 23-25938-CA-01

_____

**Sts. Peter and Paul Russian Orthodox Greek Catholic Church of Miami, Florida, Inc.,**
Appellant,

vs.

**Diocese of the South, Orthodox Church in America, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Wasson & Associates, Chartered, and Roy D. Wasson; The Ferraro Law Firm, and Leslie B. Rothenberg, for appellant.

K&L Gates LLP, and Jonathan B. Morton, for appellees.

Hevia Hechtman Baldwin Trial Lawyers, and Brandon Hechtman; H. Scott Fingerhut, P.A., and H. Scott Fingerhut, for Russian Orthodox Church in America, as amicus curiae,

Before FERNANDEZ, LOGUE and BOKOR, JJ.


PER CURIAM.

Affirmed. <u>Volusia County v. Aberdeen at Ormond Beach, L.P.</u>, 760 So. 2d 126,130 (Fla. 2000) (providing that the standard of review of a final summary judgment is *de novo*); <u>Kedroff v. St. Nicholas Cathedral of Russian Orthodox Church in N. Am.</u>, 344 U.S. 94, 120-21 (1952) ("Even in those cases when <u>the property right follows as an incident</u> from decisions of the church custom or law on ecclesiastical issues, the church rule controls. This under our Constitution necessarily follows in order that there may be free exercise of religion." (Emphasis added)); <u>Serbian E. Orthodox Diocese for U. S. of Am. & Canada v. Milivojevich</u>, 426 U.S. 696, 709 (1976) ("For where resolution of the disputes cannot be made without extensive inquiry by civil courts into religious law and polity, the First and Fourteenth Amendments mandate that civil courts shall not disturb the decisions of the highest ecclesiastical tribunal within a church of hierarchical polity, but must accept such decisions as binding on them, in their application to the religious issues of doctrine or polity before them."); <u>New Jerusalem Church of God, Inc. v. Sneads Cmty. Church, Inc.</u>, 147 So. 3d 25, 30 (Fla. 1st DCA 2013) ("[The local church] clearly assented to [the parent church's] membership as well. When [the local church], voluntarily affiliated with [the parent church], <u>it was subject to all the provisions in the Book and could not pick and choose which religious tenets to adopt</u>.[ ] By choosing to unite under [the parent church],

2

[the local church] consented to [the parent church's] governance and, specifically in this case, structure of property ownership." (Emphasis added)); Serbian E. Orthodox Diocese, 426 U.S. at 717 ("[T]here [is no] dispute that questions of church discipline and the composition of the church hierarchy are at the core of ecclesiastical concern . . . ."); Mills v. Baldwin, 362 So. 2d 2, 7 (Fla. 1978), reinstated, 377 So. 2d 971 (Fla. 1979) ("[T]he issue in a case such as this is not who owns the property. The [local church] owns the property. The true issue is who represents the [local church]? The authorities from Watson v. Jones forward clearly respond that [members loyal to the parent church] represent [the local church] because of the structure and government of the [parent church]." (Emphasis added)); Mammon v. SCI Funeral Servs. of Fla. Inc., 193 So. 3d 980, 986 (Fla. 4th DCA 2016) ("However, unlike a medical malpractice, accounting, or construction case, the First Amendment's ecclesiastical abstention doctrine precludes the court from relying upon experts to make such a determination in this case."); Jones v. Wolf, 443 U.S. 595, 602 (1979) ("[A] State may adopt *any* one of various approaches for settling church property disputes so long as it involves no consideration of doctrinal matters, whether the ritual and liturgy of worship or the tenets of faith."); New Jerusalem, 147 So. 3d at 29 ("The history of Mills makes it 'apparent that Florida has made the decision

3

to apply the deference to church authority approach when resolving church property disputes.'" (quoting Townsend v. Teagle, 467 So. 2d 772, 774 (Fla. 1st DCA 1985))); Bethel AME Church of Newberry, Fla. v. Domingo, 654 So. 2d 233, 234 (Fla. 1st DCA 1995) ("The principle of church structure which governs church property disputes . . . requires that church property remain with the parent church where, as here, the church is hierarchical in structure." (internal citations omitted)); Jones, 443 U.S. at 602 ("[T]he First Amendment prohibits civil courts from resolving church property disputes on the basis of religious doctrine and practice. [T]he Amendment requires that civil courts defer to the resolution of issues of religious doctrine or polity by the highest court of a hierarchical church organization." (internal citations omitted) (emphasis added)); St. John's Presbytery v. Cent. Presbyterian Church of St. Petersburg, 102 So. 2d 714, 718 (Fla. 1958) ("When the church is representative, republican or episcopal in government, the authorities uniformly hold that the church property whether held by an express or an implied trust cannot be diverted from the parent church by those who withdraw from it and form a separate denomination. It matters not whether those who withdraw from the mother church constitute a majority or a minority faction, the church property remains with the mother church. . . . [I]n churches bound together by associated ecclesiastical government when the

local church is obedient to a larger or more important religious organization and is governed by it, such as the Presbyterian, Catholic, Episcopal, Methodist and Lutheran, I have found no exception to this rule. They could not function under any other rule.").